IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HENRY LAGMAY, #AO191119, ) | CIV. NO. 17-00308 JMS-RLP |
| ) | |
| Plaintiff, ) | ORDER DISMISSING COMPLAINT |
| ) | PURSUANT TO 28 U.S.C. §§ 1915(e) |
| vs. ) | & 1915A(a) WITH LEAVE |
| ) | GRANTED TO AMEND |
| MRS. F. NAKAKUNI; MRS. JAN; ) | |
| MR. D.K. WATSON; MRS. L.E. ) | |
| KOBAYASHI; MRS. S. BEITIA; MR. ) | |
| O'SCANNLAIN; MR. WATFORD; ) | |
| MR. PETER L. SHAW; MR. ) | |
| WALLACE; MR. LEAVY; MR. ) | |
| FISHER; MRS. M.C. DWYER; JEAN ) | |
| GREEN, ) | |
| ) | |
| Defendants, ) | |
| _____ ) | |

## ORDER DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. §§ 1915(e) & 1915A(a) WITH LEAVE GRANTED TO AMEND

Before the court is pro se Plaintiff Henry Lagmay's prisoner civil rights

Complaint. ECF No. 1. Lagmay claims that Defendants[1] violated his

constitutional rights pursuant to decisions they made and actions they allegedly

---

[1] Lagmay names the following as Defendants in their individual and official capacities: U.S. District Court Judges for the District of Hawaii Derrick K. Watson and Leslie E. Kobayashi; U.S. Ninth Circuit Court of Appeals Judges J. Clifford Wallace, Paul J. Watford, Diarmuid F. O'Scannlain, Raymond C. Fisher, and Edward Leavy; District of Hawaii Clerk of Court Sue Beitia and secretary "Mrs. Jan"; Ninth Circuit Court of Appeals Clerk of Court Molly C. Dwyer and Appellate Commissioner Peter L. Shaw; former U.S. Attorney for the District of Hawaii Florence Nakakuni; and Thomson Reuters Opinions Publicist Coordinator Jean Green.

took during his civil proceedings in the District of Hawaii, and on appeal of those proceedings in the United States Court of Appeals for the Ninth Circuit. For the following reasons, Lagmay's Complaint is DISMISSED pursuant to 28 U.S.C. §§ 1915(e) and 1915A(a) for failure to state a claim, with leave granted to amend.

## I. **SCREENING**

Federal courts must screen all cases in which prisoners seek redress from a governmental entity, officer, or employee, or seek to proceed without prepayment of the civil filing fees. *See* 28 U.S.C. §§ 1915(b)(2), 1915A(a). The court must identify cognizable claims and dismiss those claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* §§ 1915(b)(2), 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Moreover, a plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

Pro se prisoners' pleadings must be liberally construed and given the benefit of any doubt. *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)). A plaintiff must identify specific facts supporting the existence of substantively plausible claims for relief. *Johnson v. City of Shelby*, 135 S. Ct. 346, 347 (2014) (per curiam) (citation omitted). Leave to amend should be granted if it appears possible that the plaintiff can correct the complaint's defects. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

## II. DISCUSSION

Lagmay alleges violations of the Fourth, Fifth, Thirteenth, and Fourteenth Amendments, and 42 U.S.C. § 1985(3) by federal employees and one private individual. The claims against federal actors potentially arise under *Bivens v. Six Unknown Named Fed. Narcotics Agents*, 403 U.S. 388 (1971).

**A.     Background**

Lagmay's fifty-one page Complaint is difficult to comprehend, as it is replete with pronouncements of law and conclusory allegations, but very sparse on facts. Lagmay claims that Defendants violated his constitutional rights to equal protection, substantive and procedural due process, and freedom from involuntary servitude and illegal search and seizure when they allegedly colluded and conspired to obstruct justice between December 14 and 22, 2016, during his civil proceedings in the District of Hawaii and on appeal in the Ninth Circuit Court of Appeals. These proceedings are briefly summarized below.

***1.     Civil No. 1:15-cv-00166 DKW-RLP***

On May 6, 2015, Lagmay filed *Lagmay v. Nobriga, et al.*, Civ. No. 1:15-cv-00166 DKW-RLP (D. Haw. 2015), alleging various constitutional violations against state prison employees. On May 15, 2015, U.S. District Judge Derrick K. Watson dismissed the Complaint for failure to state a claim, with leave granted to amend. *See* Order, ECF No. 4. Judge Watson granted Lagmay three extensions of time to file an amended Complaint. ECF Nos. 19, 35, 40. Between May and September 2015, although Lagmay filed numerous motions, notices, memoranda, letters, and requests, he failed to file an amended pleading. *See generally* ECF Nos. 5-7, 9-12, 14-18, 20, 21, 23-33, 36-39, 41, 42, 44, 45. On September 21,

2015, Judge Watson dismissed the action with prejudice for Lagmay's failure to state a claim and failure to comply with court orders. Dismissal Order, ECF No. 46.

On October 7, 2015, Lagmay filed a notice of appeal, ECF No. 52, that was docketed in the Ninth Circuit on October 19, 2015, as No. 15-17068. ECF No. 55. Lagmay continued to object and file memoranda and requests in the District of Hawaii after noticing his appeal. *See, e.g.*, ECF Nos. 57, 58, 61, 65, 66, 68, 69.

On June 9, 2016, Ninth Circuit Court of Appeals Judges Diarmuid F. O'Scannlain and Paul J. Watford denied Lagmay's request for an injunction and to telephone the court, and referred his remaining motions to the three-judge panel assigned to consider the merits of his appeal. ECF No. 70. On December 22, 2016, Defendants Judges J. Clifford Wallace, Edward Leavy, and Raymond C. Fisher affirmed the dismissal of Lagmay's action with prejudice, finding that he failed to present arguments "suggesting that the district court abused its discretion. Thus, Lagmay abandoned the appeal of the district court's judgments." *Lagmay v. Nobriga*, 671 F. App'x 1001, 1002 (9th Cir. 2016) (Mem.); ECF No. 72 (Order); ECF No. 73 (Mandate). There is no indication in the record that Lagmay sought a writ of certiorari with the United States Supreme Court.

### 2. *Civil No. 1:15-cv-00463 LEK-KJM*

On November 3, 2015, Lagmay filed *Lagmay v. Nobriga, et al.*, Civ. No. 1:15-cv-00463 LEK-KJM (D. Haw. 2015), in which he alleged state defendants and Judge Watson conspired to deny him access to the courts in Civ. No. 1:15-00166 DKW-RLP. On January 12, 2016, U.S. District Judge Leslie E. Kobayashi dismissed the complaint for failure to state a claim with leave granted to amend. *See Lagmay v. Nobriga*, 2016 WL 164296 (D. Haw. Jan. 12, 2016); Civ. No. 1:15-cv-00463 LEK-KJM, ECF No. 21. On March 28, 2016, Lagmay filed an amended pleading. *Id.*, ECF No. 26. Because the amended pleading failed to cure the deficiencies in Lagmay's claims, Judge Kobayashi dismissed the action on April 5, 2016. *Lagmay v. Nobriga*, 2016 WL 1367736 (D. Haw. Apr. 5, 2016); ECF No. 29.

On May 5, 2016, Lagmay filed a notice of appeal, ECF No. 32, that was docketed in the Ninth Circuit as No. 16-15856 on May 11, 2016, ECF No. 34. Again, although this action was on appeal, Lagmay continued to file documents, objections, and letters in the case in the District of Hawaii. ECF Nos. 37, 40, 42, 43.

On December 22, 2016, Judges Wallace, Leavy, and Fisher affirmed Judge Kobayashi's decision dismissing Lagmay's action. *Lagmay v. Nobriga*, 672 F.

App'x 680 (9th Cir. 2016) (Mem.); ECF No. 46 (Mem.); ECF No. 48 (Mandate).

Although the record does not show that Lagmay sought certiorari in the United States Supreme Court, Lagmay states in the present Complaint that he is "Awaiting U.S. Supreme Court Decisions." Compl., ECF No. 1, PageID #22.

### 3. *Present Action*[2]

Lagmay commenced the present action on June 30, 2017. Although Lagmay at times addresses the United States Supreme Court and Justice Samuel Alito directly within the Complaint, the court construes this as a newly filed prisoner civil rights action, rather than a misfiled petition for writ of certiorari in the above cases. That is, Lagmay raises new constitutional claims against new Defendants, seeks compensation for the alleged violations, and states that he has already sought certiorari in Civ. No. 1:15-cv-00463 LEK-KJM. Moreover, the record shows that Lagmay is capable of raising his claims in the appropriate court when that is his intent.

Lagmay claims that Defendants conspired, agreed, and colluded to "defraud" him of his constitutional rights in Civ. Nos. 1:15-cv-00166 DKW-RLP

---

[2] Lagmay has a pending action, *Lagmay v. Nobriga, et al.*, Civ. No. 1:16-cv-00408 DKW-KJM (D. Haw. 2016). Judge Watson dismissed the pleadings in part and directed Lagmay to serve two defendants. *See* ECF Nos. 20, 21. Lagmay appealed this decision, ECF No. 34, and the appeal was dismissed on June 15, 2017. ECF No. 40. Lagmay does not challenge these proceedings herein.

and 1:15-cv-00463 LEK-KJM, and in their appeals, between December 14 and 22, 2016, "for the purpose of obtaining an erroneous judicial memorandum rather than deciding an actual controversy." Compl., ECF No. 1, PageID #5. Lagmay seeks $15 million in compensatory damages for Defendants' alleged violation of his constitutional rights.

**B.     Immunities**

"Judges are absolutely immune from damages action for judicial acts taken within the jurisdiction of their courts. . . .  A judge loses absolute immunity only when [the judge] acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature." *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc) ("Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities."); *Patel v. DeCarolis*, 2017 WL 2869993, at *1 (9th Cir. July 3, 2017).  Even when a judge is accused of acting maliciously or corruptly, he or she retains immunity from suit for judicial actions.  *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

Moreover, clerks who "perform tasks that are an integral part of the judicial process," such as filing cases or answering correspondence, are also accorded "absolute immunity."  *Duvall v. Cty. of Kitsap*, 260 F.3d 1124, 1142 (9th Cir.

2001) (citing *Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1390 (9th Cir. 1987)).

Lagmay fails to state a claim against Judges Watson, Kobayashi, Wallace, Fisher, O'Scannlain, Watford, and Leavy, Clerks Dwyer and Beitia, and Commissioner Shaw. Based on Lagmay's allegations challenging their decisions related to his civil cases, these Defendants are immune from suit, and the claims against them are DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii). Because granting leave to amend these claims would be futile, this dismissal is without leave to amend.[3]

## C. Defendants Nakakuni, Green, and Mrs. Jan

### 1. *Former U.S. Attorney Nakakuni*

Although Lagmay referred to Nakakuni in Civ. Nos. 1:15-cv-00166 DKW-RLP and 1:15-cv-00463 LEK-KJM, and labeled certain certificates of service as having been served on the Office of the United States Attorney for the District of

---

[3] Because the court concludes that the claims against Judges Watson and Kobayashi are patently frivolous and judicial immunity is clearly applicable, the undersigned need not recuse from this matter. *See Guide to Judiciary Policy*, Vol. 2, Pt. B., Ch. 3 Compendium of Selected Opinions § 3.6-6[1](b) ("When a judge . . . is named as a defendant and his credibility or personal or financial interests are at issue, all judges of the same district should recuse, *unless the litigation is patently frivolous or judicial immunity is clearly applicable*.") (emphasis added); *see also McMurray v. Smith*, 2008 WL 8836074, at *1 n.1 (D.N.M. Sept. 29, 2008) ("[T]he Court . . . need not recuse itself, even though the Defendants in this case are fellow judges from [the same district]."); *Guide to Judiciary Policy*, Vol. 2, Pt. B., Ch. 3 Compendium of Selected Opinions § 3.6-7(a)(a-1) ("[A] judge need not recuse from a case involving a party that filed suit against the judge, where judicial immunity will be a complete defense to the action against the judge.").

Hawaii, Nakakuni was not a party to Lagmay's civil actions, and she neither prosecuted Lagmay in federal court nor defended any Defendant against Lagmay's claims. In short, because Lagmay failed to allege any facts against former U.S. Attorney Nakakuni, and therefore failed to demonstrate that she personally participated in the deprivation of his rights, his claims against her are DISMISSED with leave to amend.

### 2. *Thomson Reuters Opinions Publicist Coordinator Jean Green*

Lagmay apparently wrote to Green during his appeal in Civ. No. 1:15-cv-00463 LEK-KJM. *See* ECF Nos. 49, 50, appellate No. 16-15856. He fails to explain her connection to his claims or how she, as an alleged Thomson Reuters employee, acted under color of federal law. Claims against Defendant Green are DISMISSED with leave to amend.

### 3. *Mrs. Jan*

Lagmay's reference to a federal secretary identified as "Mrs. Jan," who allegedly works at the federal building in Honolulu, Hawaii, is completely unexplained. He fails to allege any facts showing her involvement in the alleged violation of his rights and claims against her are DISMISSED with leave to amend.

**D.     42 U.S.C. § 1985(3)**

Lagmay explicitly alleges each of his claims arises under 42 U.S.C. § 1985(3).  "To state a claim under under § 1985(3), a plaintiff must first show that the defendants conspired -- that is, reached an agreement -- with one another." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1868 (2017) (discussing qualified immunity as applied to § 1985(3) claims alleged against federal officials).  This conspiracy claim must allege: (1) an intention to deprive a person or class of persons of equal protection, privileges, and immunities under the laws; (2) an act by one conspirator in furtherance of the conspiracy; and (3) a personal injury, property damage or a deprivation of a constitutional right.  *Gillespie v. Civiletti*, 629 F.2d 637, 641 (9th Cir. 1980).  A § 1985 claim "must allege facts to support the allegation that defendants conspired together.  A mere allegation of conspiracy without factual specificity is insufficient."  *Karim Panahi v. L.A. Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988); *see also Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1039 (9th Cir. 1991).  Finally, because § 1985(3) derives from the Thirteenth Amendment, to state a claim a plaintiff must allege "invidiously discriminatory, racial or class-based animus."  *Caldeira v. Cty. of Kauai*, 866 F.2d 1175, 1182 (9th Cir. 1989); *Gillespie*, 629 F.2d at 641.

Lagmay fails to allege any specific, articulable, plausible facts showing that he is a member of a protected class or that one or more Defendant conspired against him, that is, had a meeting of minds to violate his rights, based on his membership in such class. Lagmay's § 1985(3) claims are DISMISSED with leave to amend.

E.  **Official Capacity Claims**

Without deciding whether a *Bivens* claim can be maintained here in light of *Ziglar's* recent clarification of *Bivens*' reach, it is nonetheless clear that a plaintiff cannot maintain a *Bivens* action against the United States, its agencies, or its federal employees acting in their official capacities. *See FDIC v. Meyer*, 510 U.S. 471, 486 (1994); *Vaccaro v. Dobre*, 81 F.3d 854, 857 (9th Cir. 1996). Lagmay's claims against federal Defendants in their official capacities are barred by the United States' sovereign immunity and are DISMISSED without leave to amend. *See Consejo de Desarrollo Economico de Mexicali, A.C. v. United States*, 482 F.3d 1157, 1173 (9th Cir. 2007).

### III.  LEAVE TO AMEND

The Complaint is DISMISSED with leave granted to amend as to Defendants Nakakuni, Mrs. Jan, and Green. Lagmay may file an amended complaint on or before August 11, 2017, that cures the deficiencies noted above, if

possible. Lagmay is notified that he must submit any amended complaint on court forms. An amended complaint generally supersedes the previous complaint. *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 907, n.1 (9th Cir. 2012) (en banc). An amended complaint should stand on its own without incorporation or reference to a previous pleading. Defendants not named and claims dismissed without prejudice that are not realleged in an amended complaint may later be deemed voluntarily dismissed. *Id.* at 928 (stating claims dismissed with prejudice need not be repled in an amended complaint to preserve them for appeal, but claims that are "voluntarily dismissed" are considered "waived if not repled").

### IV. **28 U.S.C. § 1915(g)**

If Lagmay fails to file an amended complaint, or is unable to amend his claims to cure their deficiencies, this dismissal shall count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

## V. CONCLUSION

(1) The Complaint is DISMISSED as legally frivolous and for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

(2) Lagmay may file an amended complaint curing the deficiencies noted above on or before August 11, 2017. Failure to cure these deficiencies will result in dismissal of this action, and Lagmay shall incur a strike pursuant to 28 U.S.C. § 1915(g).

(3) The Clerk is directed to mail Lagmay a prisoner civil rights complaint form so that he can comply with the directions in this Order.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 12, 2017.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Lagmay v. Nakakuni, et al.*, Civ. No. 1:17 cv 00308 JMS RLP; Scrng 2017 Draft 2 Lagmay 17 308 jms (dsm abs. imm)